Wanamaker, J.
The state of Ohio in prosecuting error to the judgment of the court of appeals reversing the judgments below raises two questions:
First. That a plea of guilty having been entered by the defendant helow, he could not thereafter by a motion for a new trial, or by proceeding in error, raise the question as to the sufficiency of the affidavit.
Second. That even if he could raise such question after- his plea of guilty, that the affidavit was sufficient in law to charge an offense under the statute.
These questions will be taken up in their order.
It is self-evident that the defendant, in the mayor’s court, entered his plea of guilty only.to the charge contained in the affidavit. He did not thereby plead guilty to any offense under any statute of the state of Ohio unless The charge in the affidavit stated an offense against the law of Ohio. Criminal offenses in Ohio are declared and defined only by the criminal statutes. We have no common-law crimes. The rights of the accused and the presumption of his innocence, his right to due process of law, the humanities of the law, all demand that he shall not be deprived of his liberty or his *616 property in any criminal proceeding unless he is charged with an offense, an act constituted such by the laws of Ohio. His plea of guilty is therefore not to any offense under the laws of Ohio, but simply to the charge made in the affidavit, and the question still remains whether or not the charge made in the affidavit does or does not constitute ,an offense under any statute of the state. ■
To deny the accused the right after a plea of guilty to prosecute error by a motion for a new trial, and proceedings in error based thereon, would be in effect to deny him a right that is granted even on a writ of habeas corpus by an original proceeding. If the affidavit, information or indictment fails to state an offense under the law of the jurisdiction in which he was tried, or in which he has entered a plea of guilty, such writ is available to him to determine the legal question as to whether or not “he is illegally restrained of his liberty.”
It must be admitted that in some jurisdictions there is a division of opinion upon this question, but the prevailing doctrine is that such a right is available upon a writ of habeas corpus, and it is difficult to understand why such a right should be denied an "accused by proceedings in error where he is illegally restrained of his liberty because of an unlawful charge, that is, a charge unwarranted by the law of the jurisdiction in which he is prosecuted.
Indeed, the courts have gone much farther, and have held that after such conviction, or plea of guilty, if the statute under which the offense is regularly stated is held invalid, because unconstitutional, then in such event the writ is clearly available to the *617 relator, and he is entitled to his discharge from the unlawful restraint.
Surely if upon a conviction otherwise legal an unconstitutional statute may be challenged by him in a writ of habeas corpus, the writ of habeas corpus should likewise be available to him upon conviction of an alleged offense not supported by any statute.
If the right be available upon a writ of habeas corpus, it must likewise be available upon a proceeding in error. There was no error in the jurisdiction assumed by the court of appeals upon this proposition of law.
We come now to the second contention made by the state of Ohio for the reversal of the judgment of the court of appeals. Does the affidavit state an offense under the laws of Ohio? The ground upon which the court of appeals reversed the judgments below was simply that the affidavit did not specify or denominate the particular kind of intoxicating liquor with the unlawful possession of which the defendant was charged'.
It is agreed by the parties hereto that there is no direct ruling upon this question by the supreme court of Ohio, and probably, save in the instant case, not by the court of appeals, or by its predecessor the circuit court. At least we have been referred to none! And the decisions in other states, as well as in the nisi prius courts in this state, are somewhat divided, so it will not be profitable to review them.
The constitution of Ohio furnishes the first landmark as to the sufficiency of a criminal charge. Section 10, Article I, the Bill of Rights, reads;
*618 “In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him,” etc.
While generally it has been held that this applies only to indictments that deal with capital or other infamous offenses, certainly greater particularity or strictness of pleadings would not be required in the lesser or minor offenses under the law. The rule is well settled that affidavits charging minor offenses are not construed with the same degree of strictness as indictments charging major offenses. It is sufficient that the defendant be advised in all cases of “the nature and cause of the accusation against him.”
It is a well-settled rule, generally followed, though not without some exceptions, that an affidavit, information, or indictment, in the language of the statute creating and- defining the offense, is sufficient in. law to state an offense. It is evident that the language used in the charge is in substance. the language of the statute creating the offense. Our criminal procedure is very largely regulated by statute, but it is not claimed that there is any statute requiring the affidavit, information, or indictment touching offenses pertaining to intoxicating liquors, to particularly state the kind of intoxicating liquors.
So far as there has been any legislation upon kindred procedure, the contrary doctrine has been laid down by the legislature. .Under Section 13588, General Code, the sufficiency of ah allegation touch *619 ing the unlawful sale of liquor is declared as a law of procedure:
“Sec. 13588. An indictment need not allege the kind of liquor sold, nor describe the place where sold in violations of the following laws, namely:
“1. Keeping a place where intoxicating liquor is sold in violation of law;
“2. Buying intoxicating liquor for or furnishing it to a minor or person intoxicated or in the habit of getting intoxicated;.
“3.' Selling, giving away or disposing of intoxicating liquor or exposing .it for sale nearer to certain public gatherings than is permitted by law.
“4. Selling' intoxicating liquor or keeping a house of ill-fame nearer to a public institution than is permitted by law;
“5. Conveying spirituous or malt liquor or wine into a jail, or permitting a prisoner therein to receive it;
“6. Selling or giving away spirituous, vinous 'or malt liquor on election day, or failing to keep closed upon election day, a house where such liquor is habitually sold and drank.” -
This section is followed by Section 13589, as to dispensing with the necessity of naming the person to whom liquor is unlawfully sold. This section reads:
“In an indictment for keeping a place where intoxicating liquor is sold in violation of law, the name of the person to whom it was sold need not be alleged.”
*620 From the foregoing, it clearly appears that where the offense charged is “keeping a place where intoxicating liquor is sold in violation of law,” etc., it is unnecessary to the sufficiency of an indictment to allege “the kind of liquor sold.” If this were true when intoxicating liquors were licensed to be sold for'beverage purposes, surely greater particularity would hardly be required when the sale of intoxicating liquors, or the possession of intoxicating liquors as a beverage, is totally outlawed or prohibited.
Black on Intoxicating Liquors (1892 ed.), Section 467, holds as follows:
“It is a well settled and accepted rule that an indictment for the unlawful sale or keeping of liquors need not specify the particular kind of liquor which it is expected to prove at the trial * * *. The class or species of the liquor sold is not a material ingredient of the offense, and the defendant is not entitled to more detailed information on this point,” etc.
In Woollen & Thornton on Intoxicating Liquors (1910 ed.), Section 870, the following doctrine is announced:
“Where a statute forbids the sale or gift of ‘intoxicating’ liquor, then it is sufficient to aver a sale or gift of ‘intoxicating’ liquor without describing or naming the particular kind of liquor it was, and under the allegation vinous, malt, spirituous or any other drinkable intoxicating liquor may be proven.”
Here the gist of the offense is “the unlawful possession of intoxicating liquors.” It is immaterial as to the kind or species. They are each and all *621 equally outlawed so long as such intoxicating liquors are possessed for beverage purposes, as declared and defined in the statute.
An analogous case, using the short form in stating the gist of an offense, may be found in the indictment charging manslaughter in Ohio, where the statute provides that “the defendant did unlawfully kill the deceased.” (Section 13583, General Code.) The gist of the offense is the unlawful killing, and it is unnecessary to state the means or the manner of the killing, whether it was a case of voluntary or involuntary manslaughter. These are matters of proof. If no greater particularity is required in a felony of the degree of manslaughter, it would seem in reason and law that no greater particularity should be required in prosecutions for the unlawful possession of intoxicating liquors for beverage purposes, contrary to the statutes.
The affidavit legally charging an offense, the judgment of the court of appeals holding to the contrary is reversed, and the judgments of the court of common pleas and the mayor’s court are affirmed.

Judgment reversed.

Marshall, C. J., Johnson, Hough, Robinson, Jones and Matthias, JJ., concur.